FARAH LAW, P.C.
Neda Farah (SBN 269819)
265 S. Doheny Drive, Suite 102
Beverly Hills, California 90211
Telephone: (310) 666-3786
Facsimile: (310) 494-0768
Email: neda@nedafarahlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSIN BALOGUN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INFUSION CAPITAL GROUP, LLC,<br><br>　　　　　Defendant. | Case No. 5:23-cv-761<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. INVASION OF PRIVACY**<br><br>**3. TRESPASS TO CHATTELS**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, TOSIN BALOGUN ("Plaintiff"), by and through her attorneys, complaining as to the conduct of INFUSION CAPITAL GROUP, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, as well as for Invasion of

1

Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Riverside County, California, which is located within the Central District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is "a direct lending firm that offers uncommonly flexible options for working capital to small and mid-sized businesses in need of financing to improve or grow their well-earned place on the street."[1] Defendant regularly uses the telephone to solicit consumers across the United States, including those residing

---

[1] https://www.infusioncapital.org/

within the state of California.  Defendant's principal place of business is located at 40 Wall Street, 28th Floor, Suite 2765, New York, New York 10005.  Defendant's registered agent – Drew M. Hagerman, is located at 572 Sackett Street, Brooklyn, New York 11217.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In early 2022, Plaintiff began receiving calls to her cellular phone, (804) XXX-2946, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2946.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. During certain answered calls, Plaintiff has been greeted by an artificial and/or automated voice message asking her to hold before being connected with one of Defendant's representatives.

12. Upon speaking with Defendant's representatives, Plaintiff was solicited into obtaining a business loan.

13. Plaintiff advised Defendant's representatives that she has not had a business in over a decade, and demanded that Defendant stop calling her.

14. Plaintiff was confused as to why Defendant was contacting her, considering the fact that Plaintiff never consented to receive Defendant's phone calls, nor was Plaintiff interested in obtaining a business loan.

15. Moreover, Plaintiff's cellular phone has been actively registered on the National Do Not Call Registry.

16. Yet, Defendant's representatives were persistent in their solicitation efforts toward Plaintiff.

17. Plaintiff has even reiterated her requests that Defendant stop calling her during subsequent phone calls, including in March 2023.

18. Despite Plaintiff's numerous demands and efforts, Defendant has continued to place systematic phone calls to Plaintiff's cellular phone through the filing of this lawsuit.

19. In sum, Defendant has placed over one-hundred (100) phone calls to Plaintiff's cellular phone.

20. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being told to stop calling.

21. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (804) 600-3034, (804) 600-3041, (804) 600-3037, (804) 600-3039, and (804) 600-3044.

22. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its solicitation activity.

4

23. Moreover, Defendant's use of the (804) area code, which is identical to Plaintiff's, even though Defendant is an out of state entity, demonstrates the extent to which Defendant was "spoofing" the area code of its phone calls in order to conceal its identify when placing calls to Plaintiff's cellular phone – hoping that Plaintiff would more readily answer an unfamiliar number that appears local in nature.

24. Due to Defendant's relentless conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other companies from engaging in the unlawful solicitation practices described in this Complaint, *supra*.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or an artificial *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant employed pre-recorded messages when placing calls to Plaintiff's cellular phone. Upon answering many of Defendant's calls, Plaintiff was subjected to an artificial and/or pre-recorded voice prompting her to hold for the next available representative.

31. Defendant also used an ATDS to placed calls to Plaintiff's cellular phone, as her phone number was never uploaded into any list, and Defendant simply used a random number generator to dial her number.

32. Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone without Plaintiff's consent. Plaintiff did not have any business relationship with Defendant nor did she grant it permission to call her cellular phone. Even still, Plaintiff demanded that Defendant stop calling her on multiple occasions, thus revoking any hypothetical consent that Defendant *may* have had.

33. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)— further provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).[2]

34. Defendant further violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff, a wireless and residential telephone subscriber, who registered her telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35. Defendant made over 100 unsolicited telephone calls to Plaintiff within a 12-month period without prior express consent to place such calls.

36. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

37. The calls placed by Defendant to Plaintiff were solicitation phone calls and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

---

[2] While Plaintiff's phone is a *cellular* phone, the Federal Communications Commission ("FCC") has ruled that owners of wireless telephone numbers (aka mobile or cellular phones) receive the same protections from the Do Not Call provision as owners or subscribers of wireline ("landline") phone numbers. *See* 47 C.F.R. § 64.1200(e).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Not only did Defendant lack permission to call Plaintiff, but Plaintiff repeatedly notified Defendant to stop calling. Armed with this information, Defendant still willfully chose to continue its barrage of calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, TOSIN BALOGUN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant, through its barrage of communications, especially after Plaintiff informed it of its harassing nature, has repeatedly and intentionally invaded Plaintiff's privacy.

41. Defendant's unsolicited harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's unlawful efforts to solicit her.

42. Defendant's intrusive and persistent efforts eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

43. Plaintiff even told Defendant to stop contacting her on a handful of occasions, but Defendant gave Plaintiff no reasonable escape from its calling campaign.

44. As detailed above, Defendant invaded Plaintiff's legally-protected right to privacy, and caused Plaintiff to suffer concrete and particularized harm.

45. Defendant's relentless solicitation efforts and tactics are highly offensive to a reasonable person.

WHEREFORE, Plaintiff, TOSIN BALOGUN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

9

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III-TRESPASS TO CHATTELS

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

48. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

49. Courts have applied this tort theory to unwanted telephone calls. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

50. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels,

just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

51. Defendant interfered with Plaintiff's ability to use her cellular phone while in her possession. Defendant knew or should have known that its phone calls were not welcomed, as not only did Defendant lack permission to contact Plaintiff in the first place, but Plaintiff explicitly informed on multiple occasions that she did not wish to receive any more phone calls. Yet, Defendant consciously chose to continuously interfere with Plaintiff's cellular device, with the ultimate goal of harassing her into submission.

WHEREFORE, Plaintiff, TOSIN BALOGUN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 28, 2023              Respectfully submitted,

                                    By: /s/ *Neda Farah*
                                    Neda Farah, Esq.

11

**FARAH LAW, P.C.**
265 S. Doheny Drive, Suite 102
Beverly Hills, CA 90211
Telephone: 310-666-3786
Facsimile: (310) 494-0768
Email: neda@nedafarahlaw.com

12